UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
SARA A. LARKIN                       )
                                     )
     Plaintiff,                      )
                                     )
v.                                   )
                                     )
BURNS & LEVINSON, LLP,               )    CIVIL ACTION NO.
PERKINS, SMITH & COHEN, LLP,         )    08-11792-DPW
SUSAN E. STENGER and                 )
BRIAN D. BIXBY                       )
                                     )
     Defendants.                     )
```

MEMORANDUM AND ORDER
March 30, 2010

On October 26, 2005, the plaintiff in this action engaged the defendant Stenger, then affiliated with the defendant law firm of Perkins, Smith and Cohen, LLP, to initiate litigation against her brother, who was represented by defendant Bixby and the defendant law firm Burns & Levinson, LLP. Based upon the plaintiff's initial report regarding an important date - October 30, 2002, when she thought she had discovered the damage to artwork which provided grounds for her litigation - Stenger brought an action quickly - on October 28, 2002, before the three year statute of limitations for the art work claim would run under the discovery rule, if plaintiff's recollection of the discovery date was accurate. Plaintiff thereafter reported to Stenger that her recollection was inaccurate, that she had actually discovered the damage on October 19, 2002, more than

-1-

three years before she first consulted Stenger. The plaintiff's delay in consulting counsel to commence the litigation ultimately led to the dismissal of her action against her brother. Plaintiff brings this action to hold the defendant lawyers responsible for the consequences of her failure timely to consult counsel in an effort to commence the litigation.

Before me are the defendant's motion to dismiss the first amended complaint (#14) and the plaintiff's motion to file a second amended complaint (#18). Although the proposed second amended complaint mitigates to some degree the difficulties the first amended complaint had in meeting the demands of Fed. R. Civ. P. 8 and 12 for a short plain statement in separate counts plausibly setting forth causes of action, in the final analysis, the second amended complaint only makes plainer the futility of this litigation.

Critical to plaintiff's claim here is the fact that on January 1, 2006 - shortly after issue was joined by her brother with the November 16, 2005 filing of an answer raising the statute of limitations issue in the 2005 litigation - the defendant law firms Perkins, Smith and Cohen and Burns & Levinson merged. Stenger had informed the plaintiff in December 2005 before the merger that she could no longer represent her because of the merger and advised her to get new counsel. The plaintiff complains that Stenger should have cautioned her and new counsel about the statute of limitation difficulties presented by the plaintiff's self generated reconsideration and revision of the

discovery date and the affirmative defense of statute of limitations expressly raised in the answer.

    I find no grounds to support a claim against Stenger and Perkins, Smith and Cohen.  Stenger promptly informed plaintiff of the conflict caused by the merger and declined thereafter to provide advice.  This met her duty of care.  That a formal withdrawal of appearance in the 2005 action was not filed until sometime later is simply a technical filing circumstance that did not affect the termination of the attorney/client relationship.  No doubt new counsel should have recognized the significance of his client's, the plaintiff's, revised recollection regarding the discovery date and the potential - not immediately realized - that the affirmative statute of limitations defense pled in the answer would likely be raised, as it later was, in a dispositive motion.  But given the time frame involved between assertion of the statute of limitations defense in the answer and the impending merger creating an engagement-terminating conflict for Stenger as to plaintiff, I find no breach of a duty by Stenger or Perkins, Smith and Cohen in failing to provide advice either to plaintiff or her successor counsel.

    As to Bixby and Burns and Levinson, there is no plausible claim because the plaintiff was never their client for the 2005 litigation initiated by Stenger.  Indeed, Bixby's adverse status could not have been plainer when he appeared on behalf of the plaintiff's brother, the defendant.  To be sure, Bixby and Burns and Levinson acted as counsel for the estate of plaintiff's

mother and her brother as executor; but that engagement could give plaintiff no grounds to believe that she could rely on them to render legal services to her adverse position in the 2005 litigation, especially since alleged mishandling of the estate by her brother was one basis for plaintiff's engagement of Stenger in the first place.  *See generally Spinner v. Nutt*, 409 Mass. 549 (1994).

Accordingly, finding plaintiff's second amended complaint futile and the first amended complaint inadequate, I hereby DENY plaintiff's motion (#18) to file a second amended complaint and ALLOW the defendants' motion (#14) to dismiss the first amended complaint.  The Clerk is directed to enter a judgment of dismissal of this action.

                                  */s/ Douglas P. Woodlock*
                                  DOUGLAS P. WOODLOCK
                                  UNITED STATES DISTRICT JUDGE